UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| HUB TECHNOLOGIES, INC., | ) | |
| | ) | Case No. 07-17138-RS |
| Debtor. | ) | |
| | ) | |

## TRUSTEE'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND FOR ADEQUATE PROTECTION THEREFOR
### [EMERGENCY DETERMINATION REQUESTED]

The Chapter 11 estate of the Hub Technologies, Inc., (the "Debtor"), by and through its appointed Chapter 11 Trustee, David B. Madoff, Esq. and the law firm of Madoff & Khoury LLP, hereby moves this Court for entry of an order pursuant to Sections 361 and 363(c)(2)(b) of the Bankruptcy Code, and MLBR 4001-2, approving the Debtor estate's of the cash collateral of asserted by Connect Plus International Corporation ("CPIC") and the other secured creditors identified in Paragraph 7 of this Motion **for the limited purpose of paying those payroll and necessary utility costs incurred to date and to be incurred over the next thirteen day period ending January 21, 2008.  This Court's prior order authorizing use of cash collateral expired on January 5, 2008.  As set forth below, in order to avoid immediate and substantial harm to its business, the Trustee will need to pay these limited but ongoing expenses, keep the facility open and functioning, in order to retain the value of the Debtor's assets and operations.  Accordingly, pursuant to MLBR 9013-1(h), the Debtor has filed concurrently herewith a Motion for Emergency Determination of this Motion (the "Emergency Motion") by which it seeks, inter alia, emergency consideration of this motion by Friday, January 11, 2008.**  In support of this Motion, the Trustee respectfully represents:

## I.    Jurisdiction

1.    This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested herein are Sections 361 and 363(b) of the Bankruptcy Code.

## II.    Introduction

2.    On November 6, 2007 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court.

3.    This Court's prior order authorizing the Debtor's use of cash collateral expired on January 5, 2008 and the Debtor's request for extension was denied. David B. Madoff was appointed as Chapter 11 Trustee (the "Trustee") on January 9, 2008.

4.    This motion seeks emergency authority to pay only those limited payroll and utility costs accrued to date and accruing over the next twelve days (through January 21, 2008), which expenses are critical to keeping the business open and functioning on a limited basis, so as to preserve the value of the estate's assets for all creditors, including CPIC.

## III.    Background

5.    The Debtor is a Delaware corporation with a usual place of business in Middleboro, Massachusetts.  The Debtor is engaged in the manufacture, design, engineering and fabrication of storage tanks, ductworks and various structures for use in power generation and other industrial applications.  As of the date of the Trustee's appointment, the Debtor employed approximately 17 people.  The Trustee terminated, effective as of January 9, 2008, all but five of these employees.  The retained employees were those whom the Trustee deemed essential to preserving the assets of the estate and the value that may be derived therefrom.

6.     For the 2006 calendar year, the Debtor has revenues of $7.2 million of which it

realized an operation gain of $64,190 and a net loss before taxes of $102,263.  For the six month

period ending June 30, 2007, the Debtor had revenues of $5,406,370, on which it had a net loss

before taxes of $217,465. The Debtor owns various equipment and property with an estimated

book value of $423,629. As of the filing date, the Debtor has outstanding unsecured trade debt of

approximately $2 million.

7.     The Debtor indicated in its pleadings that it has four potential secured creditors:

LSQ Funding Group, L.C., a factoring agent; NMHG Financial Services, Inc., George H. Dean,

Inc. d/b/a Dean Steel, which is a supplier which is owed approximately $364,307; and CPIC who

asserts a security interest in all assets and further claims it is owed in excess of $1 million.

CPIC's asserted claims extend to the Debtor's cash collateral.  To the extent that the other

secured creditors claim an interest therein as well, the Trustee seeks this Court's authority for

such use for the limited purpose and on the terms proposed in this Motion.

8.     The Debtor had disputed the claims of CPIC and its right to security.  The Trustee

shall review the claims of CPIC and the other secured creditors and reserves his rights to such

review in this request.

9.     The Debtor pays payroll on Friday of each week for the wages accruing during

the prior week.  As of January 8, 2008, the Debtor had approximately 17 employees for whom

payroll for the week ending January 6, 2008 is to be paid on Friday, January 11, 2008, in the

approximate gross amount (including payroll taxes) of $25,000.  The Trustee has terminated all

but five employees as of January 9, 2008, but will need to pay wages for seventeen employees

through the period January 7 through January 9, 2008 with such payroll due on January 18, 2008,

which the Trustee estimates will be approximate gross amount (including payroll taxes) of

3

$10,000.  Payroll for the five remaining estate employees for the week ending January 20, 2008

will need to be paid on January 25, 2008.

10.     The Trustee has reviewed the Debtor's bank and other financial records and has

determined that the Debtor's payroll account at Citizens Bank presently holds approximately

$71,000, enough funds to cover payroll over the next three weeks.

11.     In addition to these limited payroll amounts, the Trustee seeks hereby to pay those

heating, electricity and other utility costs that may accrue through January 21, 2008 at the

Debtor's Middleboro facility.  The Trustee is working to derive an estimate of such utility costs.

The Trustee has been informed that January rent at the facility has been paid already so rental

obligations appear to be covered over the period in question.

12.     In consideration for the use of such asserted cash collateral, the Trustee proposes

to grant CPIC and the other secured creditors who may assert an interest in cash collateral a

continuing replacement lien and security interest, to the same extent, validity, and priority of

their existing liens, in the Debtor's post-petition accounts receivable, inventory, equipment,

fixtures, furniture and supplies and any and all additions, accessions and substitutions thereto or

therefor, and in all cash and non-cash proceeds and products thereof, all whether now owned or

hereafter acquired (but not including avoidance actions).

13.     Such replacement liens are proposed to be granted subject, however, to a

reservation of rights in favor of the Trustee to review such secured creditors' claims and liens

and to object thereto to the extent that the Trustee determines that there is a basis for such

objections.

## V.     Basis for Relief Requested

14.     Section 363(c)(2) provides that: "The trustee may not use, sell or lease cash

collateral under paragraph (1) of this subsection unless . . .  (B) the court, after notice and a

hearing, authorizes such use . . . in accordance with the provisions of this section."

15.     Use of cash collateral for the limited purpose proposed herein is essential to the

continued operation of the Debtor and the maintenance of the value of the estate.  The Trustee

hopes in the next several days to work out a longer term cash collateral stipulation that will

permit the Trustee to use the estate's cash collateral to effectively administer the estate and

preserve and realize value therefrom for its creditors.  In the meantime, however, the estate must

incur the above-described necessary costs and expenses and seeks hereunder this Court's

approval of use of cash collateral to fund such costs, while preserving rights that the estate would

otherwise be entitled in reviewing and evaluating such asserted liens on estate assets.  For these

reasons, the Trustee submits that the use of cash collateral is necessary and reasonable for all

parties in interest to the estate and requests that this Motion be approved.

## VII.   Notice

16.     Copies of this Motion, together with copies of a proposed Order hereon and of the

Emergency Motion, have been furnished by ECF or overnight mail to: (a) the Office of the

United States Trustee for this district; (b) the Debtor's asserted secured creditors; (b) the

Debtor's twenty largest unsecured creditors as identified in that Schedule filed by the Debtor

pursuant to Fed. R. Bankr. P. 1007(d); (c) the official committee of unsecured creditors

appointed in the Debtor's case, together with counsel to such committee; (d) the Internal

Revenue Service and the Massachusetts Department of Revenue and of Employment Security;

and (e) all parties requesting notice.  The Debtor submits that such service constitutes sufficient

notice of this Motion, the proposed Order hereon and the relief sought hereunder in the particular

circumstances.

## VIII.   <u>Conclusion</u>

WHEREFORE, the Debtor respectfully requests that this Court: (a) enter an order, in

substantially the form attached hereto granting the Motion; and (b) grant such other and further

relief as this Court may deem just and proper.

Respectfully submitted this 9th day of January, 2008.

> DAVID B. MADOFF, CHAPTER 11 TRUSTEE
> OF HUB TECHNOLOGIES, INC.
>
> By his attorneys,
>
>
> */s/ Michael A. Khoury*
> David B. Madoff, Esq. (BBO # 552968)
> Michael A. Khoury, Esq. (BBO # 556293)
> Stacie D. McHale, Esq. (BBO # 665050)
> MADOFF & KHOURY LLP
> Pine Brook Office Park
> 124 Washington Street, Suite 202
> Foxborough, MA 02035
> (508) 543-0040

g:\clients\0624\cash collateral stip mot