UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MASSACHUSETTS - BOSTON

===============================
IN THE MATTER OF:                    .   Case #07-17138
                                     .
HUB TECHNOLOGIES, INC.               .   Boston, Massachusetts
                                     .   **January 8, 2008**
                 Debtor              .   2:03:17 p.m.
===============================

TRANSCRIPT OF <u>BENCH RULING</u>
FOLLOWING THE 1-7-2008 EVIDENTIARY HEARING ON:
(#116) MOTION OF CREDITORS' COMMITTEE FOR ORDER PURSUANT TO
§1106(b) OF THE BANKRUPTCY CODE TO EXPAND POWER OF EXAMINER TO
INCLUDE OPERATION OF DEBTOR AND TERMINATING THE EXCLUSIVE
PERIOD PURSUANT TO §1121(d) OF THE BANKRUPTCY CODE, OR,
ALTERNATIVELY, TO APPOINT CHAPTER 11 TRUSTEE;
(#119) OBJECTION OF DEBTOR
BEFORE THE HONORABLE ROBERT SOMMA, J.U.S.B.C.

**APPEARANCES:**

For the Debtor:                      STEPHEN F. GORDON, ESQ.
                                     Gordon Haley, LLP
                                     101 Federal Street
                                     Boston, MA  02110

For the Official Committee of Unsecured   CHRISTOPHER W. PARKER, ESQ.
Creditors:                                Rubin & Rudman, LLP
                                          50 Rowes Wharf
                                          Boston, MA  02110
                                                  --------continued---------->

Electronic Sound Recording Operator:  Mary Artesani

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Certified Transcription Service

GCI TRANSCRIPTION SERVICES
210 Bayberry Avenue
Egg Harbor Township, NJ  08234-5901
1-609-927-0299    FAX 1-609-927-9768    1-800-471-0299
e-mail - <u>irwingloria@comcast.net</u>

Page 2 Cover
#07-17138
Bench Ruling
1-8-2008

**APPEARANCES - Continued**

| | |
|---|---|
| For the U.S. Trustee: | ERIC K. BRADFORD, AUST<br>Office of the U.S. Trustee<br>10 Causeway Street, 11th Fl.<br>Boston, MA  02222 |

Electronic Sound Recording Operator:  Mary Artesani

**Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Certified Transcription Service**

GCI TRANSCRIPTION SERVICES
210 Bayberry Avenue
Egg Harbor Township, NJ  08234-5901
1-609-927-0299     FAX 1-609-927-9768     1-800-471-0299
e-mail - irwingloria@comcast.net

1  (At 2:03:17 p.m.)

2          CLERK:  Please be seated.  Hub Technologies,
3  Incorporated.  Would you please identify yourselves for the
4  record?

5          MR. GORDON:  Good afternoon, Stephen Gordon on
6  behalf of the debtor.

7          THE COURT:  Mr. Gordon.

8          MR. BRADFORD:  Eric Bradford for the U.S. Trustee.
9  Good afternoon.

10         THE COURT:  Mr. Bradford.

11         MR. PARKER:  Christopher Parker for the Committee of
12 Unsecured Creditors.

13         THE COURT:  Good afternoon, Mr. Parker.

14         Herewith is my bench ruling regarding the Committee's
15 motion to displace management.

16         The Committee and the debtor jointly requested the
17 appointment of an Examiner to investigate and report on the
18 debtor's financial affairs, transactions, and operations, and
19 various allegations relating thereto.

20         The Examiner submitted an interim report identifying
21 several concerns warranting, in his view and that of the
22 Committee, the displacement of the debtor's current management.
23 The specific relief requested by the Committee comprised the
24 expansion of the Examiner's role to an operating one and the
25 termination of the debtor's plan exclusivity period.

1      Yesterday I conducted an evidentiary hearing on the
2  Committee's management displacement and operating Examiner
3  requests.  Herewith are my findings and rulings:
4      One:  Under its current management, the debtor
5  submitted to the Court on November 14, 2007 a revenue
6  projection and expense budget to support its request for cash
7  collateral use.
8      Two:  In accordance with its customary practice, the
9  Court relied on that projection and budget in granting the cash
10 collateral use request.
11     Three:  At the time the projection and budget were
12 submitted the debtor's principal knew that a substantial
13 portion of the projected revenues either would not be paid at
14 all or would not be fully paid, or would not be paid during the
15 stated period.  The debtor did not disclose these facts to the
16 Court or to any other party.
17     Four:  The debtor's failure to make such disclosure
18 constitutes a knowing and material misrepresentation intended
19 to induce a favorable review of its operations by interested
20 parties and the requisite authorization for cash collateral use
21 by the Court.
22     Five:  These misrepresentations were dishonest and as
23 such constitute cause warranting the appointment of a Chapter
24 11 Trustee.
25     Six:  This extreme remedy is particularly appropriate

1  where, as here, the cash collateral request and the misleading
2  projections were among the very first submissions by the
3  debtor's current management to the Court the debtor was
4  represented by seasoned and capable counsel, and the debtor's
5  principal has had prior experience in the bankruptcy process.
6          Seven:   The aforesaid finding of dishonesty is
7  itself sufficient cause for the appointment of a Chapter 11
8  Trustee, and I make no other findings regarding the allegations
9  of the Committee.
10         Eight:   I reject the Committee's request for an
11 Examiner with expanded operational powers.  Notwithstanding
12 decisions by other courts, I find no statutory basis for any
13 such operational role.  In Chapter 11, Examiners investigate,
14 analyze, and report.  Trustee's operate, administer, litigate,
15 and reorganize.
16         Nine:  In rejecting the expanded role of the Examiner
17 I intend no criticism whatsoever of the Examiner, Mr. Lowey.
18 His capabilities and integrity are beyond question.
19         Ten:   I require no further report from the Examiner.
20 Rather, I direct that he submit his compensation request to the
21 Trustee upon his appointment at his earliest convenience.
22         Eleven:  As a caution to all, the slogan or banner
23 "whatever it takes" has no place in the Bankruptcy Court.  This
24 is not Wall Street, and it is not the political arena.  Honesty
25 is not just a policy, it is the touchstone of the bankruptcy

1  process.  Without it the process is subverted and trivialized.
2  I will not tolerate such subversion or trivialization in this
3  case or in any other.
4       The other matters scheduled for hearing today are
5  deferred pending the installation of a Chapter 11 Trustee.  The
6  foregoing is so ordered.
7  (End at 2:07:28 p.m.)
8                    * * * * * * * * * * *
9       I certify that the foregoing is a true and accurate
10 transcript from the electronically sound recorded record of the
11 proceedings.

_____    1/10/08
GLORIA C. IRWIN                              Date
Certified Transcriber NJ AOC200
    Federal CERT #122
GCI TRANSCRIPTION SERVICES
210 Bayberry Avenue
Egg Harbor Township, NJ  08234-5901
609-927-0299  1-800-471-0299
    FAX 609-927-9768
e-mail irwingloria@comcast.net